TIMM and another, Plaintiffs and Respondents, vs. RAHN and another, Defendants and Respondents: OHIO CASUALTY INSURANCE COMPANY, Defendant and Appellant.

*November 3—December 1, 1953.*

For the appellant there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

For the respondents Arthur Timm and others there was a brief by *Sydney M. Eisenberg,* attorney, and *Larry J. Ratzel* of counsel, both of Milwaukee, and oral argument by *Mr. Eisenberg.*

For the respondents Warren J. Rahn and Lumbermens Mutual Casualty Company there was a brief by *Kivett & Kasdorf,* attorneys, and *Austin W. Kivett* of counsel, and oral argument by *Austin W. Kivett* and *Nonald J. Lewis,* all of Milwaukee.

BROWN, J.   The action presented an unusual feature in that Schuenke was not made a party defendant, possibly because he was about to be taken into military service. A few days before he was to go, a deposition to perpetuate his testimony was taken at the instance of the plaintiffs. Counsel for the appellant, Ohio Casualty Insurance Company, represented their client at that proceeding. Appellant's first assignment states that the trial court committed reversible error in admitting the deposition in evidence because, counsel submits, statutory notice of the taking of the deposition was lacking, the deposition was not read or signed by deponent, and counsel for appellant Insurance Company was not permitted to cross-examine deponent, its assured. Interesting as the answers to such questions may be, we consider that appellant waived the alleged errors by failure to make timely objection when the deposition was offered in evidence. The record shows only that at the start of the trial counsel stated that he was raising the question of failure to have the deposition read and signed. The judge and the attorneys then went into chambers and there is no record of what took place there. When proceedings were resumed in the courtroom the deposition was read into evidence without objection by appellant. Whether counsel concluded that an objection could not be sustained, or whether he wanted the jury to hear the favorable version that Schuenke gave of his own

conduct, of course this court cannot know. We do observe that the appellant had no other witness to testify to Schuenke's exercise of due care. At any rate we do not consider that exception is preserved for appeal by the statement to the trial court without more, as here, that counsel is raising a question.

Appellant submits that the evidence establishes respondent Rahn's causal negligence as a matter of law. The statement of facts as we have already set them out, having support in the evidence, decides this contention contra.

Appellant next asserts that prejudicial error resulted from the court's instruction to the jury that the burden of proof of Rahn's lack of ordinary care, and the causal effect of such lack as the jury might find, was upon plaintiffs and the "defendant Schuenke." This was error, to be sure, for Schuenke was not a defendant and had no burden. But we think it is quite clear that no prejudice to the real defendant Ohio Casualty Insurance Company could or did result from the misstatement. At the time Schuenke's deposition was taken counsel made it abundantly clear that Schuenke was not a defendant, resting his alleged right of cross-examination on that fact, and the record of those proceedings and counsel's protestations was read to the jury. All the other references to Schuenke in the instructions defined him as the driver, not as a defendant; and when he was mentioned in the questions of the special verdict he was called the driver. If the jury noticed the slip of the tongue at all in the two instances complained of it is most improbable that it caused any confusion. But even if confusion concerning Schuenke's status had resulted we are unable to see how the true defendant was prejudiced by an instruction which relieved it of the burden of proof properly its own and in no way deprived it of the advantage of any proof that there was, brought forward by anyone, of Rahn's causal negligence.

Appellant asks this court to order a new trial in the interests of justice because of improper remarks, questions, and comments by counsel for plaintiffs in the presence of the jury. It refers us to a multitude of such objectionable items in the record. When they take the form of questions, defendant's counsel regularly objected and was as regularly sustained by the trial court. We cannot commend plaintiffs' counsel for such tactics, but that defendant's cause was prejudiced thereby is a different question. An able trial judge heard the numerous controversies and observed the conduct of the participants. The present question was presented to him in defendant Insurance Company's motion after verdict and he denied it. On the record as it comes to us the prejudice rising from this particular conduct is against the plaintiffs rather than against the defendants. The jury did, in fact, absolve defendant Rahn, showing that counsel's methods did not benefit his client at least in relation to that defendant. We are unable to find that a miscarriage of justice was the probable result of any impropriety which plaintiffs' counsel may have indulged in.

Lastly, appellant submits that the damages awarded the two plaintiffs are excessive. Their injuries were neither great nor permanent but we do not consider the damages are beyond anything which a conscientious, properly instructed jury could allow upon the evidence in this case.

*By the Court.*—Judgment affirmed.